Filed 11/25/24  P. v. Fay CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RORY PATRICK FAY,<br><br>    Defendant and Appellant. | D083969<br><br><br><br>(Super. Ct. No. SCE357523) |

APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Rory Patrick Fay appeals from an order after an evidentiary hearing denying his petition for resentencing relief under Penal Code section 1172.6.[1]  His appointed counsel filed an opening brief raising no arguable issues and requesting that we exercise our discretion to review the record for potential issues under *People v. Delgadillo* (2022) 14 Cal.5th 216

---

[1]    Further undesignated statutory references are to the Penal Code.

(*Delgadillo*), *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We informed Fay of his right to personally file a brief, and he has not done so.

We have independently reviewed the record and find no arguable issues that would result in a modification or reversal of the order denying resentencing relief. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2016, Fay was charged with one count of first degree murder (§ 187, subd. (a)) with allegations that he personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and the victim was 60 years of age or older (§ 1203.09, subd. (a)). It was also alleged that he had one prison prior (§ 667.5, subd. (b); § 668) and three probation denial priors (§ 1203, subd. (e)(4)).

At the preliminary hearing, one of the paramedics who discovered the victim's body testified. He stated that he found the victim after responding to a 911 call at the victim's home. The victim had various blunt force injuries to his head and arms. It also appeared that the victim's house had been ransacked. The water lines in the kitchen and bathrooms had been cut, and there was water on the floor throughout the house.

Fay's prior girlfriend testified that the victim was a friend of Fay's family. Around 2013, Fay mentioned to her that he was planning to steal valuable items from the victim, and that he wanted to inject the victim with heroin to make it look like an overdose. Fay's sister-in-law also testified that in 2015, he told her that he knew how to get into the victim's home, and that he had stolen items from the victim before. Fay admitted to his sister-in-law that he went to the victim's home on one occasion while the victim was asleep and ended up hitting him with the butt of a gun.

2

The arresting officer testified that police found various items belonging to the victim in Fay's possession, including replica pistols the victim had displayed on the walls in his home. Fay initially denied during questioning any involvement in the victim's death. Fay claimed the victim was a "crazy drunk" and molested him when he was a child. Fay later admitted that he had gone to the victim's home looking for a place to stay, and that he hit the victim multiple times with a bowling pin and antique hammer in self-defense. Fay claimed that when he left, the victim was still alive. Fay admitted, however, that he cut the water lines in the house to destroy evidence.

Following the preliminary hearing, the trial court bound Fay over on all charges. The People also filed an amended information adding a special circumstance allegation that Fay committed the murder during the commission of a burglary (§ 190.2, subd. (a)(17)).

In February 2017, Fay pled guilty to one count of first degree murder (§ 187, subd. (a)). On his change of plea form, Fay admitted, "I unlawfully killed a human being during a burglary." Fay entered a *Harvey*[2] waiver as part of the plea, and the People agreed to dismiss the balance of the information and a separate case that was pending against Fay. The trial court then sentenced Fay to a stipulated sentence of 25 years to life.

On December 2, 2022, Fay filed a petition for resentencing under former section 1170.95, now section 1172.6.[3] After the appointment of counsel, briefing, and arguments by the attorneys, the trial court found that Fay set forth a prima facie claim for relief and issued an order to show cause.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

[3] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the statute by its current designation.

3

In the return to the order to show cause, the People submitted the preliminary hearing transcript and exhibits from the preliminary hearing. The People contended the evidence presented at the preliminary hearing established Fay was guilty of murder beyond a reasonable doubt and thus he was not entitled to resentencing relief. In his reply, Fay contended the transcripts from the preliminary hearing were insufficient to sustain his murder conviction beyond a reasonable doubt. Fay claimed the evidence showed that although there was an altercation, the victim was still alive when Fay left, and thus he did not act with the requisite intent to kill.

At the evidentiary hearing on April 12, 2024, the trial court denied the resentencing petition. The court stated that it had considered "the entire record in this case," which included the factual basis of Fay's plea. The court also considered testimony from the preliminary hearing but only to the extent such testimony was not admitted as hearsay pursuant to section 872, subdivision (b). The court stated, however, that it would not consider the *Harvey* waiver as to the dismissed allegations. Based on the evidence, the court found beyond a reasonable doubt that Fay was guilty of first degree murder as the actual killer and was therefore ineligible for resentencing relief.

## DISCUSSION

Appointed appellate counsel filed a brief raising no arguable issues and requesting that we exercise our discretion to review the record under *Delgadillo*, *Wende*, and *Anders*. The brief identifies the following potential issues to assist this court in conducting its independent review of the record: (1) whether the record contains sufficient evidence to support the trial court's finding that Fay was guilty of murder under current law; and (2) whether the

trial court erred by considering the preliminary hearing transcript at the evidentiary hearing.

Although this appeal is from an order denying Fay's petition for resentencing, and Fay has not filed a supplemental brief, we have exercised our discretion to review the entire record under *Wende* and *Anders*. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232.) We have also considered the potential issues identified by counsel. We have not discovered any arguable issues that would result in a reversal or modification of the trial court's ruling. Competent counsel has represented Fay in this appeal. Accordingly, we affirm the trial court's order.

## DISPOSITION

The order denying Fay's resentencing petition is affirmed.


BUCHANAN, J.

WE CONCUR:



McCONNELL, P. J.



KELETY, J.

5